UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL THURBER, *individually and on behalf of all others similarly situated*, Plaintiff, -v- GRAPHIC PACKAGING HOLDING COMPANY, et al., Defendants. | : | 26-CV-03790 (JAV) OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

This action was commenced by Plaintiff Michael Thurber ("Thurber"), on behalf of himself and all others similarly situated, against Defendants Graphic Packaging Holding Company ("Graphic Packaging") and certain of its officers (collectively, "Defendants"), alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder. ECF No. 1 ("Compl."), ¶¶ 1, 19-22, 79. For the following reasons, the unopposed motion of Saskatchewan Healthcare Employees' Pension Plan ("SHEPP") for appointment as lead plaintiff and approval of Labaton Keller Sucharow LLP ("Labaton") as lead counsel, ECF No. 15, is **GRANTED**.

## BACKGROUND

This securities class action seeks relief on behalf of all persons or entities

other than Defendants that purchased or acquired Graphic Packaging securities (the "Class") between February 4, 2025, and February 2, 2026 (the "Class Period"). Compl., ¶¶ 1, 79. Graphic Packaging, together with its subsidiaries, designs, produces, and sells consumer packaging products. *Id.*, ¶ 2.

The Complaint alleges that, during the Class Period, "Defendants made materially false and misleading statements regarding [Graphic Packaging's] business, operations, and prospects." *Id.*, ¶ 5. Specifically, the Complaint alleges that Defendants either misrepresented or failed to disclose that (1) "Graphic Packaging was experiencing, *inter alia*, significant inventory management issues, as well as significantly reduced demand and volumes and increased costs;" (2) "Defendants downplayed the true scope and severity of the foregoing issues, which were likely to, and did, have a material negative impact on [Graphic Packaging's] business and financial results;" and (3) "Defendants likewise overstated the strength and sustainability of [Graphic Packaging's] business model and operations, as well as its ability to weather ongoing macroeconomic headwinds." *Id.* As a result, the Complaint alleges, Graphic Packaging's previously issued Fiscal Year 2025 financial guidance was unreliable and unrealistic. *Id.*

On May 7, 2026, the same day as the Complaint was filed, notice of this putative class action lawsuit was published on PR Newswire. ECF No. 17-3. The notice announced that a securities class action had been filed against Graphic Packaging and other defendants. *Id.* at 2. It also advised investors who purchased or acquired Graphic Packaging securities during the Class Period that they have 60

days from the date of the notice's publication to ask the Court to appoint them as lead plaintiff for the Class. *See id.*

The Court subsequently received three motions seeking appointment as lead plaintiff and approval of lead counsel on behalf of the Class. Steven Probst ("Probst") filed a motion seeking appointment as lead plaintiff and the approval of Levi & Korsinsky, LLP as lead counsel for the Class. ECF No. 10. SHEPP also filed a motion seeking appointment as lead plaintiff and the approval of Labaton as lead counsel for the Class. ECF No. 15. Finally, Louis Oden III ("Oden") filed a motion seeking appointment as lead plaintiff and the approval of Pomerantz LLP as lead counsel for the Class. ECF No. 18.

However, Probst and Oden have since filed notices of non-opposition to SHEPP's motion. ECF Nos. 22, 23.

## DISCUSSION

### A. Appointment of Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff in a private securities class action arising under the Exchange Act. *See generally* 15 U.S.C. § 78u-4. The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). In appointing lead plaintiff, the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or entity that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The Court holds that SHEPP has met its burden of demonstrating it should be appointed to serve as lead plaintiff.

**1. Timeliness Requirement**

To start, SHEPP timely filed it motion to be appointed lead plaintiff. In a case arising under the Exchange Act, the PSLRA requires that within 20 days of the filing of a complaint, plaintiffs must publish, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*Id.* § 78u-4(a)(3)(A)(i). If additional class actions are filed, however, only the plaintiffs in the first filed action must publish the required notice. *Id.* § 78u-4(a)(3)(A)(ii). In evaluating the appointment of a lead plaintiff under the PSLRA,

"courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23-CV-1769 (LGS), 2023 WL 6458930, at *2 (S.D.N.Y. Oct. 4, 2023) (citation omitted).

Here, statutory notice was timely published on May 7, 2026. ECF No. 17-3. SHEPP filed its motion for appointment as lead plaintiff on July 6, 2026. ECF No. 15. Accordingly, SHEPP timely filed its motion, satisfying the first requirement to be entitled to the presumption that it is the most adequate lead plaintiff.

**2. Financial Interest**

The Court also finds that SHEPP is the movant asserting the largest financial interest. In assessing relative financial interests, courts in this Circuit have traditionally applied a four-factor test, which considers:

> (1) the total number of shares purchased during the class period;
>
> (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);
>
> (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and
>
> (4) the approximate losses suffered.

*Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d 456, 465 (S.D.N.Y. 2023) (citations omitted). "Of these factors, courts have consistently held the fourth, the magnitude of the loss suffered, most significant." *Id.*; *see also Reitan v. China Mobile Games &*

*Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 395, 399-400 (S.D.N.Y. 2014) (holding that the movant that suffered the greatest financial losses has the largest financial interest in the lawsuit).

In this case, among the three movants, it is undisputed that SHEPP has the largest financial interest in the litigation, with approximately $2.1 million in alleged losses. ECF Nos. 17-2, 22, 23. Accordingly, the second requirement for SHEPP to be entitled to the presumption that it is the most adequate lead plaintiff has been satisfied.

**3. Rule 23**

Lastly, SHEPP has made a preliminary showing that it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Although Rule 23's class certification requirements include numerosity, commonality, typicality, and adequacy, *see* Fed. R. Civ. P. 23(a), at this preliminary stage, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met," *Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 162 (S.D.N.Y. 2022) (citation omitted).

"A lead plaintiff's claims are typical where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Li v. Spirit AeroSystems Holdings, Inc.*, No. 23-CV-3722 (PAE), 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (citation omitted). Separately, "[a] lead plaintiff is adequate where [it] does not have interests that are antagonistic to the class that [it] seeks to represent and has

retained counsel that is capable and qualified to vigorously represent the interests of the class that [it] seeks to represent." *Id.* (cleaned up).

Here, SHEPP meets both requirements relating to typicality and adequacy. Like other members of the proposed class, SHEPP alleges that "Defendants made material misstatements and omissions regarding [Graphic Packaging's] business and operations," and that SHEPP "purchased or otherwise acquired Graphic Packaging securities in reliance on Defendants' allegedly false and misleading statements." ECF No. 16 at 6. Further, nothing suggests that SHEPP has any conflict of interest with the proposed Class, that it is subject to a unique defense, or that it suffers any other infirmity that would impair its ability to represent the proposed Class. SHEPP has also retained capable counsel experienced in vigorously prosecuting securities class actions. Notably, Labaton has served as lead counsel or co-lead counsel in numerous other securities class actions. *See* ECF No. 17-4. SHEPP has therefore met all requirements to be entitled to the presumption that it is the most adequate lead plaintiff.

Considering the lack of opposition to SHEPP's motion, no reason or evidence has been offered to rebut this presumption. Accordingly, the Court finds that SHEPP is the most adequate lead plaintiff and appoints it to serve as lead plaintiff.

**B. Approval of Lead Counsel**

Subject to the Court's approval, the lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts "generally defer[] to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if

necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20-CV-9132 (AJN), 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021) (cleaned up). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7 (citation omitted).

SHEPP has selected Labaton as lead counsel. ECF No. 16 at 8. Labaton has substantial experience prosecuting securities fraud class actions, having served as lead or co-lead counsel in many securities class actions. *See* ECF No. 17-4; *see, e.g.*, *In re American International Group, Inc. Securities Litigation*, No. 04-CV-08141 (LTS) (S.D.N.Y.), ECF No. 51; *In re Bear Stearns Companies, Inc. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 08-MD-01963 (RWS) (S.D.N.Y.), ECF No. 31; *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-MD-02027 (S.D.N.Y.), ECF No. 8. Accordingly, Labaton is qualified to prosecute this securities action on behalf of the proposed Class, and the Court approves the selection of Labaton as lead counsel.

**CONCLUSION**

Accordingly, SHEPP is appointed as lead plaintiff and Labaton is appointed as lead counsel. The conference scheduled in this matter for July 22, 2026, is adjourned.

By July 31, 2026, the parties shall submit a joint letter setting forth their positions regarding a schedule for any amendment to the operative complaint and

briefing on any potential motions to dismiss.

The Clerk of Court is respectfully directed to terminate ECF Nos. 10, 15, and 18.

SO ORDERED.

Dated: July 20, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge